UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEJA VU TACOMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LAKEWOOD, <br><br> Defendant. | CASE NO. C19-5977 BHS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Déjà Vu Tacoma, Inc.'s ("Plaintiff") motion for temporary restraining order. Dkt. 7. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On September 18, 2019, Defendant City of Lakewood ("City") sent Plaintiff a notice that its business license was revoked based on violations of the standards of conduct in Lakewood Municipal Code ("LMC") 5.16.050. Dkt. 7 at 4.[1] The eight-page

---

[1] LMC Chapter 5.16 is commonly known as the Adult Cabaret Ordinance. *Id*. at 3.

notice stated that the City had determined the business constituted a public nuisance. Dkt. 15-1 at 6–20. The notice listed multiple violations of LMC 5.16.050 and attached incident reports from police investigations. *Id*. at 10. The notice also listed criminal charges for drug possession, sales, and/or prostitution filed against thirty of Plaintiff's employees for conduct at Plaintiff's business between August 2018 and April 2019. *Id*. at 14–16.

On September 19, 2019, Plaintiff appealed to the Hearing Examiner. Dkt. 7-1 at 36–39. Plaintiff asserted that the revocation "provisions of LMC Chapter 5.02 and 5.16 violate Article I, Section 5 of the Washington Constitution because they fail to mandate a stay pending judicial review." *Id.* at 37 (citing *JJR, Inc. v. Seattle*, 126 Wn.2d 1 (1995)). Plaintiff also asserted that relevant provisions of the LMC violated the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 3 and 5 of the Washington Constitution. *Id.*

On September 23, 2019, the City sent Plaintiff's attorney a Notice of Failure to Secure a Business License which informed Plaintiff that after moving to revoke its license, the City found Plaintiff's business license had lapsed in December 2017. Dkt. 15-1 at 2–4. This notice rescinded the revocation order, cancelled Plaintiff's pending appeal, and informed Plaintiff it would have to apply for a new license which would likely be denied based on the nuisance activity in the previous notice. *Id.*

On September 24, 2019, Plaintiff applied for a new business license. Dkt. 14-1. On September 25, 2019, the City issued Plaintiff a civil infraction warning stating that it is unlawful to operate without a business license, the infraction must be corrected the

| | |
|---|---|
| 1 | same day, and failure to correct would result in civil fines of up to $500 per day. Dkt. 13- |
| 2 | 2. After receiving the waring, Plaintiff closed the business, displacing 75 entertainers and |
| 3 | 15 employees. Dkt. 7-1 at 4, ¶ 11. |
| 4 | On October 8, 2019, Plaintiff filed a complaint against the City in Pierce County |
| 5 | Superior Court for the State of Washington. Dkt. 1-2. Plaintiff asserts a claim for |
| 6 | violations of the United States Constitution and a claim for violation of the Washington |
| 7 | State Constitution. *Id.* |
| 8 | On October 14, 2019, the City denied Plaintiff's application for a new business |
| 9 | license. Dkt. 14-3 at 3–11. |
| 10 | On October 15, 2019, the City removed the matter to this Court. Dkt. 1. |
| 11 | On October 21, 2019, Plaintiff filed the instant emergency motion for a temporary |
| 12 | restraining order, Dkt. 7, and appealed the denial of its application for a business license |
| 13 | to a Hearing Examiner, Dkt. 7-1 at 70–73. On October 24, 2019, the City responded. |
| 14 | Dkt. 12. On October 25, 2019, Plaintiff replied, Dkt. 18, and the Hearing Examiner |
| 15 | issued a prehearing order, Dkt. 22-1. The Hearing Examiner set the appeal hearing for |
| 16 | December 9, 2019, stated that the City bore the burden of proof by a preponderance of |
| 17 | the evidence, and informed the parties that he did not have jurisdiction to consider |
| 18 | constitutional challenges to the LMC. *Id.* |
| 19 | On October 28, 2019, the Court held a hearing on Plaintiff's motion. At the |
| 20 | conclusion of the hearing, the Court issued an order requesting supplemental briefing on |
| 21 | certain issues. Dkt. 28. On October 31, 2019, Plaintiff filed a supplemental brief. Dkt. |
| 22 | 22. On November 1, 2019, the City filed a supplemental brief. Dkt. 23. |

## II.  DISCUSSION

A party requesting preliminary relief "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  Plaintiff also cites the "serious questions test" that is a "sliding scale approach under which a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).  However, even under this approach, "plaintiff[] must also satisfy the other *Winter* factors." *Id.* at 1135

In this case, the Court concludes that Plaintiff has failed to establish that it is likely to succeed on the merits of its constitutional claims.  Plaintiff raises two issues under this prong.  First, Plaintiff concedes that the "essential question in this case is what constitutes preservation of the status quo, specifically in the case of license denial." Dkt. 22 at 3.  It is undisputed that the status quo when Plaintiff filed for a business license was that Plaintiff was an unlicensed business that received an infraction warning for operating without a license the day after it applied for that license.  Under these facts, Plaintiff provides no authority for the proposition that it should be allowed operate while it exhausts its administrative and judicial remedies in appealing the denial of a new license application. The Court agrees with Plaintiff that numerous authorities exist addressing the

issue of whether a business may continue to operate while a revocation proceeding is exhausted and when an existing business is subject to new regulations. However, the facts of this case are not controlled by those authorities because Plaintiff is prosecuting an appeal of the denial of a new business license.

Having made that conclusion, the Court recognizes that Plaintiff has been in continuous operation since 1992 without the City revoking, suspending, or denying its business license. Dkt. 7-1 at 2, ¶ 4. For some reason Plaintiff's license expired in December 2017, and Plaintiff continued to operate without a license. Dkt. 15-1 at 2. While these facts may support an equitable claim based on acquiescence or reliance, at most Plaintiff has established that it could succeed on the merits of such a claim. In other words, there is an absence of precedent establishing that a licensed business without incident that inadvertently failed to renew its license should be allowed to continue to operate while it exhausts the appeal of the City's denial of its business license application. These facts present an interesting question, but the absence of binding or sufficiently analogous precedent undermines the request for preliminary relief.

Second, Plaintiff argues that the City unconstitutionally denied its application based on past legal violations. Dkt. 22 at 7–8. To support this argument, Plaintiff cites authorities addressing whether an applicant may be denied a license based on past criminal behavior. *Id.* (citing *D.C.R. Entm't, Inc. v. Pierce Cty.*, 55 Wn. App. 505 (1989); *City of Seattle v. Bittner*, 81 Wn.2d 747, 754 (1973) ("the constitution does not permit a licensing agency to deny to any citizen the right to exercise one of his fundamental freedoms on the ground that he has abused that freedom in the past.")). The

problem with Plaintiff's argument is that the City did not deny the application solely on the character or criminal history of the applicant. Instead, the City listed numerous violations of the LMC such as failure to post required signage, failure to properly monitor the entertainers, and failure to properly adhere to lighting and visibility requirements. *See* Dkt. 14-3 at 6–7. Thus, Plaintiff has failed to establish that it is likely to succeed on the claim that the City denied the application on an unconstitutional basis.

In sum, Plaintiff has presented claims that could succeed on the merits. Could succeed, however, does not show a likelihood of success sufficient to warrant the extraordinary remedy of temporary relief.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for temporary restraining order is **DENIED**.

Dated this 6th day of November, 2019.

BENJAMIN H. SETTLE
United States District Judge